B1 (Official Form 1)(04/13)

| United States Bankruptcy Court<br>WESTERN DISTRICT OF OKLAHOMA | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Valley Timbers LC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**73-1418387** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**Suite 152 C<br>8421 South Walker<br>Oklahoma City, OK**<br>ZIP Code **73139** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Oklahoma** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above):　　**New Hope Road<br>Antlers, OK 74523** | |

### Type of Debtor
(Form of Organization)  (Check one box)

☐ Individual (includes Joint Debtors)
*See Exhibit D on page 2 of this form.*
■ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

### Nature of Business
(Check one box)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
■ Other

### Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box)

☐ Chapter 7
☐ Chapter 9
■ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

### Chapter 15 Debtors
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

### Tax-Exempt Entity
(Check box, if applicable)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

### Nature of Debts
(Check one box)

☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

■ Debts are primarily business debts.

### Filing Fee (Check one box)

■ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

### Chapter 11 Debtors
Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).
Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*
Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

### Statistical/Administrative Information
■ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B1 (Official Form 1)(04/13)                                                                                                                              Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Valley Timbers LC** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:  **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

<table>
<tr>
<td><b>Exhibit A</b><br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition.</td>
<td><b>Exhibit B</b><br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X _____<br>    Signature of Attorney for Debtor(s)         (Date)</td>
</tr>
</table>

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>  ☐ Yes, and Exhibit C is attached and made a part of this petition.<br><br>  ■ No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>  ☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>If this is a joint petition:<br>  ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue**<br>(Check any applicable box) |
|---|
| ■    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.<br><br>☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes) |
|---|
| ☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)<br><br>               _____<br>               (Name of landlord that obtained judgment)<br><br><br>               _____<br>               (Address of landlord)<br><br>☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br><br>☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.<br><br>☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

B1 (Official Form 1)(04/13) | Page 3

# Voluntary Petition

*(This page must be completed and filed in every case)*

Name of Debtor(s):
**Valley Timbers LC**

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of Attorney*

X **/s/ L. Win Holbrook OBA**
Signature of Attorney for Debtor(s)

**L. Win Holbrook OBA #4284**
Printed Name of Attorney for Debtor(s)

**Andrews Davis, P.C.**
Firm Name

**100 North Broadway
Suite 3300
Oklahoma City, OK 73102**
Address

**Email: wholbrook@andrewsdavis.com
405/ 272-9241 Fax: 405/ 235-8786**
Telephone Number

**July 31, 2013**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ James G. Waldrup, III**
Signature of Authorized Individual

**James G. Waldrup, III**
Printed Name of Authorized Individual

**Manager**
Title of Authorized Individual

**July 31, 2013**
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

# United States Bankruptcy Court
## WESTERN DISTRICT OF OKLAHOMA

In re    **Valley Timbers LC**         Case No. _____

                Debtor(s)      Chapter **11**

# STATEMENT REGARDING AUTHORITY TO SIGN AND FILE PETITION

## (SEE ATTACHED DOCUMENT)

## CONSENT TO ACTION WITHOUT A MEETING
## OF THE MANAGERS AND MEMBERS OF
## VALLEY TIMBERS, L.C.

The undersigned, being all the sole manager and sole member of Valley Timbers, L.C., an Oklahoma limited liability company (the "Company"), by this action by written consent in lieu of a meeting, do hereby unanimously approve, consent to, adopt, and ratify the following resolutions:

WHEREAS, it has been determined by the manager and member of the Company that it is in the best interests of the Company to file a Chapter 11 bankruptcy case;

BE IT RESOLVED, that James G. Waldrup, III, managing member of the Company, is hereby authorized to do all things reasonable and necessary to file and prosecute a voluntary Chapter 11 bankruptcy petition on behalf of the Company;

BE IT FURTHER RESOLVED that James G. Waldrup, III, managing member of the Company, may designate and authorize from time to time other persons to act on the Company's behalf in connection with the above-mentioned Chapter 11 bankruptcy case, with Debbie Slosky and such other designated and authorized persons hereinafter being referred collectively to as "Authorized Persons" and singularly as an "Authorized Person";

BE IT FURTHER RESOLVED, that each Authorized Person is authorized and directed to take such acts as are reasonable and necessary and in the best interests of the Company during the Chapter 11 bankruptcy case, including, but not limited to, the execution and filing of all petitions, schedules, lists motions, applications, pleadings, disclosure statements, reorganization plans, and other papers and, in connection therewith;

BE IT FURTHER RESOLVED, that any Authorized Person is authorized and directed to employ and retain on a general retainer the law firm of Andrews Davis, P.C., to act as the Company's legal counsel in the above-mentioned Chapter 11 bankruptcy case, and to employ and retain such other counsel, accountants, financial advisors, and other professionals as are deemed necessary or may be helpful in connection with the Company's bankruptcy case, all on such terms and conditions as are deemed appropriate;

BE IT FURTHER RESOLVED that, in connection with the commencement of the Chapter 11 case, any Authorized Person be, and hereby is, authorized, empowered, and directed to negotiate the use of cash collateral, if necessary, to negotiate, execute, and deliver such documents as may be necessary or helpful in conduction sales of assets outside the ordinary course of the Company's financial affairs, and to negotiate, execute, and deliver a debtor-in-possession loan facility and exit loan facilities, if necessary (including, in connection therewith, such notes, security agreements and other agreements or instruments as such Authorized Person considers appropriate) on the terms and conditions such Authorized Person executing the same may consider necessary, proper or desirable, and to take such additional action and to execute and deliver each other agreement, instrument, or document to be executed and delivered by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein

and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

BE IT FURTHER RESOLVED that any and all past actions heretofore taken by any Authorized Officer or in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved;

BE IT FURTHER RESOLVED that each Authorized Person be, and each hereby is, authorized and empowered on behalf of and in the name of the Company to take such other actions as the Authorized Person considers necessary, proper or desirable to effectuate these resolutions.

The undersigned hereby certify that they are all of the managers and members of the Company entitled to vote on the foregoing matters and hereby authorize, approve, and consent to the foregoing resolutions effective July 26, 2013.

James G. Waldrup, III, Sole Manager

James G. Waldrup, III, as trustee of the James G. Waldrup, III, Revocable Trust dated October 4, 1993, Sole Member

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In re:                                )
                                      )
VALLEY TIMBERS, L.C.,                 )        Case No. _____
                                      )        Chapter 11
            Debtor.                   )

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENT

The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statement of Financial Affairs (the "Statement") (collectively, the "Schedules and Statement") filed by Valley Timbers, L.C. (the "Debtor") pending in the United States Bankruptcy Court for the Western District of Oklahoma (the "Bankruptcy Court") were prepared, pursuant to section 521 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure, by management of the Debtor with the assistance of the Debtor's counsel and are unaudited. While the Debtor's management has made every reasonable effort to ensure that the Schedules and Statement are as accurate and complete as possible under the circumstances, based on information that was available to it at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statement, and inadvertent errors or omissions may have occurred. Because the Schedules and Statement contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that these Schedules and Statement are complete.

The Schedules and Statement have been signed by James G. Waldrup, III, Managing Member of Valley Timbers, L.C., who is responsible for oversight of the Debtor. In reviewing and signing the Schedules and Statement, James G. Waldrup, III, necessarily relied upon the efforts, statements and representations of the Debtor's other personnel and professionals.

These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtor's Schedules and Statement (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statement, and should be referred to and considered in connection with any review of the Schedules and Statement.

Amendment

Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statement; however, inadvertent errors or omissions may exist. The Debtor reserves all rights to amend and/or supplement the Schedules and Statement from time to time as is necessary and appropriate.

Causes of Action

Despite its reasonable efforts to identify all known assets. the Debtor may not have listed all of its causes of action or potential causes of action against third parties as assets in the Schedules and Statement. including. but not limited to. avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtor reserves all its rights with respect to any claims, causes of action. or avoidance actions it may have, and neither these Global Notes nor the Schedules and Statement shall be deemed a waiver of any such claims. causes of action. or avoidance actions or in any way prejudice or impair the assertion of such claims.

Recharacterization

The Debtor has made reasonable efforts to correctly characterize, classify. categorize, and designate the claims, assets. executory contracts. unexpired leases. and other items reported in the Schedules and Statement. However. due to the complexity and size of the Debtor's business, the Debtor may have improperly characterized. classified, categorized, or designated certain items. The Debtor thus reserves all of its rights to recharacterize, reclassify. recategorize, or redesignate items reported in the Schedules and Statement at a later time as necessary or appropriate as additional information becomes available.

Claim Description

Any failure to designate a claim in the Schedules and Statement as "contingent." "unliquidated," or "disputed" does not constitute an admission by the Debtor that such claim or amount is not "contingent," "unliquidated." or "disputed." The Debtor reserves all of its rights to dispute. or to assert offsets or defenses to. any claim reflected on its Schedules or Statement on any grounds, including. but not limited to, amount. liability, priority, status. or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated." or "disputed." Moreover, the Debtor reserves all of its rights to amend its Schedules and Statement as necessary and appropriate, including, but not limited to. with respect to claim description and designation.

Valuation

The Debtor reserves all of its rights to amend or adjust the value of each asset set forth herein.

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## WESTERN DISTRICT OF OKLAHOMA

In re   **Valley Timbers LC**                                       Case No. 

                                             Debtor(s)           Chapter   **11**

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or* chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| A T And T<br>PO Box 5001<br>Carol Stream, IL 60197-5001 | | Trade debt | | 525.30 |
| Advanced Sawmill Machinery<br>481 Machinery Circle<br>Holt, FL 32564 | | Trade debt | | 11,841.77 |
| American Electric Power<br>PO Box 24421<br>Canton, OH 44701 | | Trade debt | | 8,233.03 |
| American Wood Dryers Inc<br>15495 SE For Mor Court<br>Clackamas, OR 97015 | Shannon Reasor<br>PO Box 393<br>Atoka, OK 74525 | Trade debt | | 22,600.00 |
| Andee Franks<br>HC 83 Box 848<br>Antlers, OK 74523 | | Trade debt | | 520.75 |
| Aramark Uniform Services Inc<br>PO Box 6308<br>Tyler, TX 75711-6308 | | Trade debt | | 4,711.36 |
| Bowlin Company<br>PO Box 3007<br>Shreveport, LA 71133 | Smakal Munn And Mathis PLLC<br>Suite 718<br>320 South Boston<br>Tulsa, OK 74103 | Trade debt | Disputed | 425,000.00 |
| Cab Enterprises<br>64 Bowen Road<br>Baxley, GA 31513 | | Trade debt | | 41,762.79 |
| CompSource Oklahoma<br>PO Box 269021<br>Oklahoma City, OK 73126-9021 | | Trade debt | | 10,418.27 |
| Danfoss<br>Suite 3157<br>75 Remittance Drive<br>Chicago, IL 60675-3157 | | Trade debt | | 4,000.00 |

B4 (Official Form 4) (12/07) - Cont.

In re   **Valley Timbers LC**                    Case No. _____

                         Debtor(s)

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| **Ernst And Young**<br>**PO Box 848107**<br>**Dallas, TX 75284-8107** | **Ernst And Young**<br>**Suite 2500**<br>**210 Park Avenue**<br>**Oklahoma City, OK  73102** | **Trade debt** | | **20,797.00** |
| **Grimes Industrial Services**<br>**Route 4 Box 192**<br>**Idabel, OK 74745** | | **Trade debt** | | **3,792.66** |
| **Mantis Financial**<br>**Building 2 Suite 201**<br>**9433 Bee Caves Road**<br>**Austin, TX 78733** | | **Trade debt** | | **903.00** |
| **Michael E Lynch**<br>**3702 Kellywood Drive**<br>**Austin, TX 78739** | **Michael E Lynch**<br>**1005 Gardenia Drive**<br>**Tallahassee, FL   32312** | **Loan** | | **32,984.26** |
| **Phillips Murrah PC**<br>**Corporate Tower 13th Floor**<br>**101 North Robinson Avenue**<br>**Oklahoma City, OK 73102** | | **Legal fees** | | **254,171.31** |
| **Pushmataha County Treasurer**<br>**302 SW B Street**<br>**Antlers, OK 74523** | | **Taxes** | | **8,700.50** |
| **S And S Industrial Supply**<br>**PO Box 988**<br>**Natchitoches, LA 71458** | | **Trade debt** | | **553.20** |
| **SB Enterprises Inc**<br>**Route 2 Box 874**<br>**Broken Bow, OK 74728** | | **Trade debt** | | **3,390.68** |
| **Timber Capital LLC**<br>**Attn:  Michael E. Lynch**<br>**3702 Kellywood Drive**<br>**Austin, TX 78739** | **Brown McCarroll LLP**<br>**Suite 1400**<br>**111 Congress Avenue**<br>**Austin, TX  78701-4043** | **Loan dated December 2007** | | **24,491,261.74**<br>**Collateral:**<br>**2,176,589.15**<br>**Unsecured:**<br>**22,314,672.59** |
| **United Rentals**<br>**117 Highway 82**<br>**Sherman, OK 75092** | | **Trade debt** | | **6,449.27** |

**B4 (Official Form 4) (12/07) - Cont.**

In re   **Valley Timbers LC**                                                             Case No. _____

                                  Debtor(s)

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
## (Continuation Sheet)

# DECLARATION UNDER PENALTY OF PERJURY
# ON BEHALF OF A CORPORATION OR PARTNERSHIP

      I, the Manager of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date   **July 31, 2013** _____     Signature     /s/ James G. Waldrup, III _____

                                                          **James G. Waldrup, III**
                                                          **Manager**

*Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## WESTERN DISTRICT OF OKLAHOMA

In re     **Valley Timbers LC**

Debtor

Case No.

Chapter     **11**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 2 | 1,970,509.61 | | |
| B - Personal Property | Yes | 4 | 275,562.67 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 3 | | 24,560,744.87 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 2 | | 8,746.55 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 11 | | 32,860,695.09 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 0.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 3 | | | 0.00 |
| Total Number of Sheets of ALL Schedules | | 29 | | | |
| | | Total Assets | 2,246,072.28 | | |
| | | Total Liabilities | | 57,430,186.51 | |

Form 6 - Statistical Summary (12/07)

.

# United States Bankruptcy Court
## WESTERN DISTRICT OF OKLAHOMA

In re    **Valley Timbers LC** _____,    Case No. _____

Debtor    Chapter_____**11**_____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | |
| Average Expenses (from Schedule J, Line 18) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

B6A (Official Form 6A) (12/07)

.

In re   **Valley Timbers LC**                                ,     Case No. _____

                                         Debtor

# SCHEDULE A - REAL PROPERTY

    Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

    **Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

    If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **See Attachment** | | **-** | **1,970,509.61** | **24,491,261.74** |

|  |  |
|---|---|
| Sub-Total >    **1,970,509.61** | (Total of this page) |
| Total >    **1,970,509.61** | |

  **0**   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

**Attachment to Schedule A**

**Valley Timbers Saw Mill**
**188,877-square-foot facility situated on a 243.76-acre site**

**An appraisal by CB Richard Ellis in 2008, pre-fire, placed the "as is" value of the sawmill, fixtures, related equipment and 233.76 acres at $4,400,000.  Vericlaim, Inc., the insurance adjuster, indicated the replacement cost of the fire-damaged items other than inventory was $2,439,490.39, suggesting the fair market  value of the sawmill, post-fire, plus an additional ten acres at $1,000 an acre, is $1,970,509.61.**

**Note:  Market value per 4/30/2013 balance sheet is $11,335,495.65 less $13,701,126.21 depreciation.**

**Legal description:**

**Tract 1:**
**All that part of the East Half (E/2) of the East Half (E/2) of Section Twenty-six (26) and all that part of the Southwest Quarter (SW/4) and the South Half (S/2) of the Northwest Quarter (NW/4) of Section Twenty-five (25), lying and being west of the west boundary line of the St. Louis and San Francisco Railroad right-of-way in Township Four (4) South, Range Sixteen (16) East of the Indian Base and Meridian, in Pushmataha County, State of Oklahoma.**

**Tract 2:**
**All that part of the Southwest Quarter (SW/4) of the Northwest Quarter (NW/4) of the Northwest Quarter (NW/4) lying and being west of the west boundary line of St. Louis and San Francisco Railroad right-of-way in Section Twenty-five (25), Township Four (4) South, Range Sixteen (16) East of the Indian Base and Meridian, in Pushmataha County, State of Oklahoma**

B6B (Official Form 6B) (12/07)

.

In re    **Valley Timbers LC**                                              ,    Case No. _____
                                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking Account - Operating First Bank (Balance as of 4/30/2013)** | - | 284.30 |
| | | **Checking Account - Payroll Ameristate (Balance as of 4/30/2013)** | - | 1,044.65 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Life Insurance Policy No. xxx507 New York Life Insurance and Annuity Corporation Insured: James G. Waldrup, III Value listed is cash-surrender value as of 7/7/2013** | - | 16,900.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >         **18,228.95**
(Total of this page)

  **2**   continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Valley Timbers LC**                                                    ,        Case No. _____
                              Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >                    **0.00**
(Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Valley Timbers LC**                                              ,        Case No. _____
                                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **Vehicles (see attached) (Balance as of 4/30/2013)** | - | 48,275.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | **Office furniture, fixtures and computer equipment/software (Balance as of 4/30/2013)** | - | 3,500.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | **Caterpillar Compact Track Loader, Model 259B3** | - | 40,000.00 |
| | | **Liebherr 580 Wheel Loader (Value estimated from internet.)** | - | 165,000.00 |
| 30. Inventory. | | **Finished lumber (Balance as of 4/30/2013)** | - | 558.72 |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | Sub-Total > | 257,333.72 |
|---|---|---|
|  | (Total of this page) | |
|  | Total > | 275,562.67 |

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

## ATTACHMENT TO SCHEDULE B.25

| Year | Make | Model | VIN | Lienholder | Value |
|------|------|-------|-----|------------|-------|
| 2002 | Ford | F350 | 1FDWF37S82ED03692 | FCC, LLC d/b/a First Capital | 5,337.50 |
| 2001 | Toyota | 4Runner | JT3HN86R219050778 | FCC, LLC d/b/a First Capital | 6,275.00 |
| 2001 | Ford | Ranger | 1FTYR10DX1PB41037 | FCC, LLC d/b/a First Capital | 3,087.50 |
| 2000 | GMC | SK2 | 1GTGK24R1YR201247 | FCC, LLC d/b/a First Capital | 3,450.00 |
| 1999 | Chevrolet | GK2 | 1GCGK24R5XR716945 | FCC, LLC d/b/a First Capital | 3,312.50 |
| 1998 | Isuzu | RLS | 4S2CM58WXW4323310 | FCC, LLC d/b/a First Capital | 2,137.50 |
| 1994 | International | 9400 | 2HSFHD2RXRC086744 | FCC, LLC d/b/a First Capital | 10,000.00 |
| 1988 | Ford | F35 | 1FDKF38M3JNA22977 | FCC, LLC d/b/a First Capital | 4,675.00 |
| 1978 | Mack | | DM685S34982 | FCC, LLC d/b/a First Capital | 10,000.00 |
| | | | | | 48,275.00 |

B6C (Official Form 6C) (4/13)

In re    **Valley Timbers LC**    ,    Case No. _____
         Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds
$155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.)*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **NONE.** | | | |

___0___ continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com

B6D (Official Form 6D) (12/07)

In re **Valley Timbers LC** _____,    Case No. _____
                          Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No.  .  - | | | | **A listing on Schedule D shall not constitute an admission a particular transaction is a secured transaction rather than a lease**  <br>Value $          0.00 | | | | 0.00 | 0.00 |
| Account No. xxxxxxx6000  <br>**CAT Financial Commercial Svc**  <br>**PO Box 905229**  <br>**Charlotte, NC 28290-5229**  - | | | | **2012 Multi Terrain Loader Caterpillar Compact Track Loader, Model 259B3**  <br>Value $        40,000.00 | | | | 34,005.35 | 0.00 |
| Account No.  <br>**CAT Finance Company**  <br>**PO Box 340001**  <br>**Nashville, TN 37203-0001** | | | | **Representing:**  <br>**CAT Financial Commercial Svc**  <br>Value $ | | | | Notice Only | |
| Account No.  <br>**Warren Power And Machinery Inc**  <br>**10325 West County Road 117**  <br>**Midland, TX 79706** | | | | **Representing:**  <br>**CAT Financial Commercial Svc**  <br>Value $ | | | | Notice Only | |
|   **2**   continuation sheets attached | | | | Subtotal  <br>(Total of this page) | | | | 34,005.35 | 0.00 |

B6D (Official Form 6D) (12/07) - Cont.

In re  **Valley Timbers LC**                                                          ,        Case No. _____
                                                   Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | | |
| **Works And Lentz Inc** **Suite 900** **1437 South Boulder** **Tulsa, OK 74119** | | | Representing: **CAT Financial Commercial Svc** | | | | **Notice Only** | |
| | | | Value $ | | | | | |
| Account No. **xxxxxx0931** | | | **Multi-terrain loader** **Liebherr 580 Wheel Loader** **(Value estimated from internet.)** | | | | | |
| **Key Equipment Finance Inc** **1000 South McCaslin Blvd** **Superior, CO 80027** | | - | | | | | | |
| | | | Value $          **165,000.00** | | | | **35,477.78** | **0.00** |
| Account No. | | | | | | | | |
| **Key Equipment Company** **2nd Floor** **11030 Circle Point Road** **Westminster, CO 80020** | | | Representing: **Key Equipment Finance Inc** | | | | **Notice Only** | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| **Key Equipment Finance Inc** **7th Floor** **3075 Highland Parkway** **Downers Grove, IL 60515** | | | Representing: **Key Equipment Finance Inc** | | | | **Notice Only** | |
| | | | Value $ | | | | | |
| Account No. | | | **Loan dated December 2007** | | | | | |
| **Timber Capital LLC** **Attn:  Michael E. Lynch** **3702 Kellywood Drive** **Austin, TX 78739** | X | - | | | | | | |
| | | | Value $          **0.00** | | | | **24,491,261.74** | **22,314,672.59** |
| Sheet __1__ of __2__ continuation sheets attached to Schedule of Creditors Holding Secured Claims | | | Subtotal (Total of this page) | | | | **24,526,739.52** | **22,314,672.59** |

B6D (Official Form 6D) (12/07) - Cont.

In re   **Valley Timbers LC**                                                          ,     Case No. _____
                                                                Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No. **Brown McCarroll LLP** **Suite 1400** **111 Congress Avenue** **Austin, TX 78701-4043** | | | | **Representing:** **Timber Capital LLC** | | | | **Notice Only** | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |

Sheet __2__ of __2__ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

|  | Subtotal (Total of this page) | 0.00 | 0.00 |
|---|---|---|---|
|  | Total (Report on Summary of Schedules) | 24,560,744.87 | 22,314,672.59 |

B6E (Official Form 6E) (4/13)

In re  **Valley Timbers LC**

                         ,                Case No. _____

Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

    Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

<u>  1  </u> continuation sheets attached

B6E (Official Form 6E) (4/13) - Cont.

In re    **Valley Timbers LC**                                                                    ,    Case No. _____
                                                        Debtor

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. | | | Sales Tax | | | | | | |
| Oklahoma Tax Commission Legal Div For Bankruptcy Section 120 North Robinson Suite 2000W Oklahoma City, OK 73102-7801 | - | | | | | | | 0.00 | |
| | | | | | | | 46.05 | | 46.05 |
| Account No. | | | | | | | | | |
| Oklahoma Tax Commission PO Box 26850 Oklahoma City, OK 73126-0850 | | | Representing: Oklahoma Tax Commission | | | | **Notice Only** | | |
| Account No. | | | 2012 Property taxes | | | | | | |
| Pushmataha County Treasurer 302 SW B Street Antlers, OK 74523 | - | | | | | | | 0.00 | |
| | | | | | | | 8,700.50 | | 8,700.50 |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |

Sheet __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | | |
|---|---|---|
| Subtotal (Total of this page) | 0.00 | |
| | 8,746.55 | 8,746.55 |
| Total (Report on Summary of Schedules) | 0.00 | |
| | 8,746.55 | 8,746.55 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In re:                                    )
                                          )
VALLEY TIMBERS. L.C.,                     )        Case No. _____
                                          )        Chapter 11
        Debtor.                           )

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

Specific Notes:

The Debtor has used reasonable best efforts. based upon the Debtor's existing books and records. to list on Schedule F all general unsecured claims against the Debtor as of the Petition Date.

The claims listed in Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Although reasonable efforts were made to identify the date of incurrence of each claim. determining the date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive. and therefore, the Debtor did not list a date for each claim listed on Schedule F.

Schedule F may not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected. to the extent such damage claims exist.

The claims of individual creditors for, among other things. goods. services. or taxes listed on the Debtor's books and records may not reflect credits or allowances due from such creditors. The Debtor reserves all of its rights in respect of such credits or allowances. The dollar amounts listed may be exclusive of contingent or unliquidated amounts. The Debtor expressly incorporates by reference into Schedule F all employee wage claims listed in Schedule E that are identified therein as nonpriority. if any. The Debtor reserves all of its rights to dispute the validity and amount of all nonpriority general unsecured claims.

B6F (Official Form 6F) (12/07)

In re    **Valley Timbers LC** _____,    Case No. _____
                                          Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>**A T And T**<br>**PO Box 5001**<br>**Carol Stream, IL 60197-5001** | - | | **Trade debt (Office Phone)** | | | | 525.30 |
| Account No.<br><br>**A T And T**<br>**PO Box 5001**<br>**Carol Stream, IL 60197-5001** | - | | **Trade Debt (Scale House)** | | | | 132.54 |
| Account No.<br><br>**Advanced Sawmill Machinery**<br>**481 Machinery Circle**<br>**Holt, FL 32564** | - | | **Trade debt** | | | | 11,841.77 |
| Account No.<br><br>**American Electric Power**<br>**PO Box 24421**<br>**Canton, OH 44701** | - | | **Trade debt** | | | | 8,233.03 |

__9___ continuation sheets attached

Subtotal
(Total of this page)                    20,732.64

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                    S/N:25781-130708    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re   **Valley Timbers LC** _____ ,   Case No. _____
                          Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| **Public Servce Company of Okla Rural Route 1 Antlers, OK 74523** | | | Representing: **American Electric Power** | | | | **Notice Only** |
| Account No. | | | | | | | |
| **Public Service of Okla PO Box 201 Tulsa, OK 74105-0201** | | | Representing: **American Electric Power** | | | | **Notice Only** |
| Account No. | | | Trade debt; See Statement of Financial Affairs, #4a | | | | |
| **American Wood Dryers Inc 15495 SE For Mor Court Clackamas, OR 97015** | - | | | | | | **22,600.00** |
| Account No. | | | | | | | |
| **Shannon Reasor PO Box 393 Atoka, OK 74525** | | | Representing: **American Wood Dryers Inc** | | | | **Notice Only** |
| Account No. | | | Trade debt | | | | |
| **Andee Franks HC 83 Box 848 Antlers, OK 74523** | - | | | | | | **520.75** |

Sheet no. __1__ of __9__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**23,120.75**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Valley Timbers LC** _____,     Case No. _____
                            Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | Trade debt | | | | |
| Aramark Uniform Services Inc PO Box 6308 Tyler, TX 75711-6308 | | - | | | | | | 4,711.36 |
| Account No. | | | | Judgment entered | | | | |
| Bowlin Company PO Box 3007 Shreveport, LA 71133 | | - | | | | | X | 425,000.00 |
| Account No. | | | | Representing: Bowlin Company | | | | |
| Smakal Munn And Mathis PLLC Suite 718 320 South Boston Tulsa, OK 74103 | | | | | | | | Notice Only |
| Account No. | | | | Trade debt | | | | |
| Cab Enterprises 64 Bowen Road Baxley, GA 31513 | | - | | | | | | 41,762.79 |
| Account No. | | | | Trade debt | | | | |
| CompSource Oklahoma PO Box 269021 Oklahoma City, OK 73126-9021 | | - | | | | | | 10,418.27 |

Sheet no. __2__ of __9__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page)     **481,892.42**

B6F (Official Form 6F) (12/07) - Cont.

In re    **Valley Timbers LC**                                    ,    Case No. _____
                              Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>**CT Corporation System**<br>**PO Box 4349**<br>**Carol Stream, IL 60197-4349** | - | | **Trade debt** | | | | **270.00** |
| Account No.<br><br>**Dan Anderson**<br>**Route 1 Box 4355**<br>**Antlers, OK 74523** | - | | **Services rendered** | | | | **Unknown** |
| Account No.<br><br>**Danfoss**<br>**Suite 3157**<br>**75 Remittance Drive**<br>**Chicago, IL 60675-3157** | - | | **Trade debt** | | | | **4,000.00** |
| Account No.<br><br>**Debbie Slosky**<br>**Suite 152C**<br>**8241 South Walker**<br>**Oklahoma City, OK 73139** | - | | **Services rendered** | | | | **Unknown** |
| Account No.<br><br>**Elliott Electric Supply**<br>**3315 Park Place**<br>**Paris, TX 75460** | - | | **Trade debt** | | | | **289.04** |

Sheet no. __3__ of __9__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    **4,559.04**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Valley Timbers LC**                                 ,       Case No. _____
                                Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | Trade debt | | | | |
| **Ernst And Young**<br>**PO Box 848107**<br>**Dallas, TX 75284-8107** | - | | | | | | **20,797.00** |
| Account No. | | | | | | | |
| **Ernst And Young**<br>**Suite 2500**<br>**210 Park Avenue**<br>**Oklahoma City, OK 73102** | | | Representing:<br>Ernst And Young | | | | Notice Only |
| Account No. | | | Loan | | | | |
| **FCC LLC**<br>**DBA First Capital**<br>**565 5th Avenue 19th Floor**<br>**New York, NY 10017** | - | | | | | | **0.00** |
| Account No. | | | | | | | |
| **FCC LLC**<br>**3520 NW 58th Street**<br>**Oklahoma City, OK 73112** | | | Representing:<br>FCC LLC | | | | Notice Only |
| Account No. | | | | | | | |
| **McAfee and Taft**<br>**211 North Robinson**<br>**Oklahoma City, OK 73102** | | | Representing:<br>FCC LLC | | | | Notice Only |

Sheet no. __4__ of __9__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**20,797.00**

B6F (Official Form 6F) (12/07) - Cont.

In re  **Valley Timbers LC** _____,　　Case No. _____
　　　　　　　　　　　　　　　　　Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. **xxxxxxxxxx7648** | | | | | | | | |
| **First Insurance Funding Corp PO Box 66468 Chicago, IL 60666-0468** | | - | | | | | X | |
| | | | | | | | | **0.00** |
| Account No. | | | | Trade debt | | | | |
| **Grimes Industrial Services Route 4 Box 192 Idabel, OK 74745** | | - | | | | | | |
| | | | | | | | | **3,792.66** |
| Account No. | | | | Loan | | | | |
| **James G Waldrup III Suite 152C 8241 South Walker Oklahoma City, OK 73139** | | - | | | | | | |
| | | | | | | | | **21,109,627.74** |
| Account No. | | | | Services rendered | | | | |
| **Jo Anne Battles PO Box 129 Antlers, OK 74523** | | - | | | | | | |
| | | | | | | | | **Unknown** |
| Account No. | | | | Loan | | | | |
| **Lone Star FLCA 516 James Bowie Drive New Boston, TX 75570** | X | - | | | | | X | |
| | | | | | | | | **0.00** |

Sheet no. __5___ of __9___ sheets attached to Schedule of　　　　　　Subtotal　　| **21,113,420.40** |
Creditors Holding Unsecured Nonpriority Claims　　　　　　　　　(Total of this page)

B6F (Official Form 6F) (12/07) - Cont.

In re     **Valley Timbers LC**
_____,
                              Debtor

Case No. _____

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | | |
| **Kelly Hart And Hallman LLP Attn Stephanie Kaiser 201 Main Street Suite 2500 Fort Worth, TX 76102** | | | | Representing: Lone Star FLCA | | | | **Notice Only** |
| Account No. | | | | Loan | | | | |
| **Lone Star PCA 516 James Bowie Drive New Boston, TX 75570** | | - | | | | | X | **0.00** |
| Account No. | | | | | | | | |
| **Kelly Hart And Hallman LLP Attn Stephanie Kaiser 201 Main Street Suite 2500 Fort Worth, TX 76102** | | | | Representing: Lone Star PCA | | | | **Notice Only** |
| Account No. | | | | Trade debt | | | | |
| **Mantis Financial Building 2 Suite 201 9433 Bee Caves Road Austin, TX 78733** | | - | | | | | | **903.00** |
| Account No. | | | | Services rendered | | | | |
| **Matt Donnell RGS LLC 8600 Thackery 92 Dallas, TX 75225** | | - | | | | | X | **0.00** |

Sheet no. __6__ of __9__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page)     **903.00**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Valley Timbers LC**                                              ,        Case No. _____
                                        Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. | | | | | Notes Payable | | | | |
| Michael E Lynch 3702 Kellywood Drive Austin, TX 78739 | - | | | | | | | | 32,984.26 |
| Account No. | | | | | Representing: Michael E Lynch | | | | |
| Michael E Lynch 1005 Gardenia Drive Tallahassee, FL 32312 | | | | | | | | | Notice Only |
| Account No. | | | | | Trade debt | | | | |
| OME Corporation PO Box 471587 Tulsa, OK 74147 | - | | | | | | | | 520.00 |
| Account No. | | | | | Legal fees | | | | |
| Phillips Murrah PC Corporate Tower 13th Floor 101 North Robinson Avenue Oklahoma City, OK 73102 | - | | | | | | | | 254,171.31 |
| Account No. | | | | | Trade debt | | | | |
| Rowland Ellis Flatt Clinic 603 NE 2nd Antlers, OK 74523 | - | | | | | | | | 258.25 |

Sheet no. __7__ of __9__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

287,933.82

B6F (Official Form 6F) (12/07) - Cont.

In re   **Valley Timbers LC** _____,   Case No. _____
                                Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. | | | | Trade debt | | | | |
| Rural Water District 3 PO Box 67 Antlers, OK 74523 | - | | | | | | | 120.50 |
| Account No. | | | | Trade debt | | | | |
| S And S Industrial Supply PO Box 988 Natchitoches, LA 71458 | - | | | | | | | 553.20 |
| Account No. | | | | Trade debt | | | | |
| SB Enterprises Inc Route 2 Box 874 Broken Bow, OK 74728 | - | | | | | | | 3,390.68 |
| Account No. | | | | Trade debt | | | | |
| Southern Disposal Inc Route 1 Box 7250 Antlers, OK 74523-5802 | - | | | | | | | 349.00 |
| Account No. | | | | Trade debt | | | | |
| Southern Disposal Inc Route 1 Box 7250 Antlers, OK 74523-5802 | - | | | | | | | 99.00 |

Sheet no. __8___ of __9___ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

4,512.38

B6F (Official Form 6F) (12/07) - Cont.

In re    **Valley Timbers LC** _____ ,    Case No. _____

Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | InterCompany Debt | | | | |
| Stream Energy Inc Suite 152C 8241 South Walker Oklahoma City, OK 73139 | | - | | | | | | 2,575,127.70 |
| Account No. | | | | Loan | | | | |
| Stream Natural Resources Suite 152C 8241 South Walker Oklahoma City, OK 73139 | | - | | | | | | 7,048,789.40 |
| Account No. | | | | Intercompany debt | | | | |
| Stream Natural Resources Suite 152C 8241 South Walker Oklahoma City, OK 73139 | | - | | | | | | 44,094.52 |
| Account No. | | | | Loan | | | | |
| Stream Resources LP Suite 152C 8241 South Walker Oklahoma City, OK 73139 | | - | | | | | | 1,228,362.75 |
| Account No. | | | | Trade debt | | | | |
| United Rentals 117 Highway 82 Sherman, OK 75092 | | - | | | | | | 6,449.27 |

Sheet no. __9__ of __9__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | Subtotal (Total of this page) | 10,902,823.64 |
|---|---|---|
| | Total (Report on Summary of Schedules) | 32,860,695.09 |

B6G (Official Form 6G) (12/07)

In re    **Valley Timbers LC**                                                   ,    Case No. _____
                                                Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| , | **A listing on Schedule G shall not constitute an admission a particular transaction is a lease rather than a secured transaction.** |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

B6H (Official Form 6H) (12/07)

In re __Valley Timbers LC_____,    Case No. _____
                                                       Debtor

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed
by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state,
commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or
Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of
any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used
by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor,
state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not
disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).
☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
| --- | --- |
| **James G Waldrup III**<br>**Suite 152C**<br>**8241 South Walker**<br>**Oklahoma City, OK 73139** | **Lone Star FLCA**<br>**516 James Bowie Drive**<br>**New Boston, TX 75570** |
| **James G Waldrup III**<br>**Suite 152C**<br>**8241 South Walker**<br>**Oklahoma City, OK 73139** | **Timber Capital LLC**<br>**Attn:  Michael E. Lynch**<br>**3702 Kellywood Drive**<br>**Austin, TX 78739** |
| **Stream Energy Inc**<br>**Suite 152C**<br>**8241 South Walker**<br>**Oklahoma City, OK 73139** | **Lone Star FLCA**<br>**516 James Bowie Drive**<br>**New Boston, TX 75570** |
| **Stream Natural Resources**<br>**Suite 152C**<br>**8241 South Walker**<br>**Oklahoma City, OK 73139** | **Lone Star FLCA**<br>**516 James Bowie Drive**<br>**New Boston, TX 75570** |
| **Stream Resources LP**<br>**Suite 152C**<br>**8241 South Walker**<br>**Oklahoma City, OK 73139** | **Lone Star FLCA**<br>**516 James Bowie Drive**<br>**New Boston, TX 75570** |

**0**
_____ continuation sheets attached to Schedule of Codebtors

**B6I (Official Form 6I) (12/07)**

In re **Valley Timbers LC** _____ Case No. _____
                              Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)
## (See Attachment)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.  The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): **None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | |
| Name of Employer | | |
| How long employed | | |
| Address of Employer | | |

| INCOME:  (Estimate of average or projected monthly income at time case filed) | DEBTOR | | SPOUSE | |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions  (Prorate if not paid monthly) | $ | 0.00 | $ | 0.00 |
| 2. Estimate monthly overtime | $ | 0.00 | $ | 0.00 |
| 3. SUBTOTAL | $ | 0.00 | $ | 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
| a.  Payroll taxes and social security | $ | 0.00 | $ | 0.00 |
| b.  Insurance | $ | 0.00 | $ | 0.00 |
| c.  Union dues | $ | 0.00 | $ | 0.00 |
| d.  Other (Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 0.00 | $ | 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 0.00 | $ | 0.00 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 0.00 | $ | 0.00 |
| 8. Income from real property | $ | 0.00 | $ | 0.00 |
| 9. Interest and dividends | $ | 0.00 | $ | 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | 0.00 | $ | 0.00 |
| 11. Social security or government assistance (Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 12. Pension or retirement income | $ | 0.00 | $ | 0.00 |
| 13. Other monthly income (Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 0.00 | $ | 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 0.00 | $ | 0.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ | 0.00 | | |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

In re   **Valley Timbers LC**_____     Case No. _____
                    Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
## (See Attachment)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 0.00 |
| a. Are real estate taxes included?        Yes ___        No **X** | | |
| b. Is property insurance included?        Yes ___        No **X** | | |
| 2. Utilities:     a. Electricity and heating fuel | $ | 0.00 |
| b. Water and sewer | $ | 0.00 |
| c. Telephone | $ | 0.00 |
| d. Other | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 0.00 |
| 5. Clothing | $ | 0.00 |
| 6. Laundry and dry cleaning | $ | 0.00 |
| 7. Medical and dental expenses | $ | 0.00 |
| 8. Transportation (not including car payments) | $ | 0.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 0.00 |
| b. Life | $ | 0.00 |
| c. Health | $ | 0.00 |
| d. Auto | $ | 0.00 |
| e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 0.00 |
| b. Other | $ | 0.00 |
| c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other | $ | 0.00 |
| Other | $ | 0.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 0.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---|
| a.   Average monthly income from Line 15 of Schedule I | $ | 0.00 |
| b.   Average monthly expenses from Line 18 above | $ | 0.00 |
| c.   Monthly net income (a. minus b.) | $ | 0.00 |

SCHEDULES I AND J

| | 2012 | | YTD 6/30/2013 | Monthly Average |
|---|---|---|---|---|
| **Ordinary Income/Expense** | | | | |
| **Income** | | | | |
| Sales - Finished Lumber | | 7,924,824.00 | 11,993.42 | 1,998.90 |
| Sales - Logs | | 75,803.00 | | 0.00 |
| Sales - Chips | | 1,822,071.00 | | 0.00 |
| Less Freight on Chip Sales | | -392,417.00 | | 0.00 |
| Sales - Shavings | | 271,540.00 | | 0.00 |
| Sales - Hog Fuel | | 79,033.00 | | 0.00 |
| Less Returns and Allowances | | -46,606.00 | -6,013.46 | -1,002.24 |
| Income - Other Sawmill | | 160,868.00 | 22,402.04 | 3,733.67 |
| Income - Business Interruption Insurance | | 600,000.00 | | 0.00 |
| Sales - Freight (trucking and hauling) | | -1,960.00 | -2,500.00 | -416.67 |
| **Total Income** | | 10,493,156.00 | 25,882.00 | 4,313.67 |
| | | | | |
| **Cost of Sales** | | | | |
| Wood Costs | 5,022,937.00 | | | 0.00 |
| Log Yard Costs | 407,121.00 | | 29,603.51 | 4,933.92 |
| Sawmill Costs | 2,038,239.00 | | 75,403.65 | 12,567.28 |
| Boiler/Kiln Costs | 510,672.00 | | 18,353.80 | 3,058.97 |
| Planer Mill Costs | 1,004,250.00 | | 43,914.39 | 7,319.07 |
| Inventory Credit | 852,973.00 | | 13,437.22 | 2,239.54 |
| **Total Cost of Goods Sold** | | 9,836,192.00 | 180,712.57 | 30,118.76 |
| | | | | |
| **Gross Profit** | | 656,964.00 | -154,830.57 | -25,805.10 |
| | | | | |
| **Expense** | | | | |
| Salaries | 337,691.00 | | 98,761.03 | 16,460.17 |
| Employer FICA | 19,504.00 | | 6,573.07 | 1,095.51 |
| Employer FUTA | 225.00 | | 199.52 | 33.25 |
| Employer SUTA | 6,077.00 | | 5,077.41 | 846.24 |
| Workers Comp Insurance | 4,489.00 | | 24,856.09 | 4,142.68 |
| 401(K) - Company Match | 489.00 | | 177.11 | 29.52 |
| Employee Health Premiums | 27,963.00 | | 10,383.56 | 1,730.59 |
| Employee Life Insurance | 6,082.00 | | 891.00 | 148.50 |
| Employee Insurance Dental and Vision | 21,984.00 | | 2,244.64 | 374.11 |
| Accrued Payroll and Benefits | 0.00 | | 0.00 | 0.00 |
| A/R - Discounts Taken | 113,343.00 | | -656.69 | -109.45 |
| A/R - Write Offs | | | 7,075.25 | 1,179.21 |
| Advertising | 89.00 | | 0.00 | 0.00 |
| Auto Expense - Fuel | 3.00 | | 0.00 | 0.00 |
| Auto Expense - Mileage Reimbursemen | 4,061.00 | | 192.50 | 32.08 |
| Auto Expense - R&M | 8,267.00 | | 540.47 | 90.08 |
| Auto Expense - Tags and Taxes | 564.00 | | 0.00 | 0.00 |
| Auto Expense - Vehicle Fines | 355.00 | | 0.00 | 0.00 |
| Bank Fees | 197.00 | | 136.23 | 22.71 |
| Contract Labor | 117,559.00 | | 17,065.43 | 2,844.24 |
| Contributions - Charitable | 1,100.00 | | 0.00 | 0.00 |
| Dues & Publications | 975.00 | | 0.00 | 0.00 |
| Educational Seminars | 192.00 | | 0.00 | 0.00 |
| Employee Exp - Meals & Entertainment | 280.00 | | 25.74 | 4.29 |
| Employee Exp - Miscellaneous | 1,242.00 | | 0.00 | 0.00 |
| Employee Exp - Travel/Entertainment | 6,880.00 | | 0.00 | 0.00 |
| Employee Incent - Promotional | 1,400.00 | | 0.00 | 0.00 |
| Finance Charges - Uncollected | 48.00 | | 0.00 | 0.00 |
| Frieght Expense | 18,901.00 | | 390.95 | 65.16 |
| G&A Expense | 4,096.00 | | 54.73 | 9.12 |
| Handling Fees | 84.00 | | 0.00 | 0.00 |
| Insurance - Misc Prop/Casualty | 245,564.00 | | 129,045.49 | 21,507.58 |
| Janitorial Expense | 2,475.00 | | 0.00 | 0.00 |
| Licenses | 20.00 | | 0.00 | 0.00 |
| Miscellaneous | 3,631.00 | | 4,679.89 | 779.98 |
| Office Equipment - R&M General | 1,705.00 | | 0.00 | 0.00 |
| Office Supplies | 5,288.00 | | 225.26 | 37.54 |
| Postage & FedEx | 2,705.00 | | 135.00 | 22.50 |
| Postage - PO Box Rental | 89.00 | | 0.00 | 0.00 |
| Postage - Metered | 88.00 | | 0.00 | 0.00 |
| Professional Fees - Accounting | | | 12,292.55 | 2,048.76 |
| Professional Fees - Consulting | 95,084.00 | | 0.00 | 0.00 |

|  | 2012 | YTD 6/30/2013 | Monthly Average |
|---|---|---|---|
| Professional Fees - Engineering | 1,437.00 | 0.00 | 0.00 |
| Professional Fees - Legal | 22,833.00 | 102,659.40 | 17,109.90 |
| Professional Fees - Medical | 7,924.00 | 0.00 | 0.00 |
| Rent Expense | 135.00 | 0.00 | 0.00 |
| Safety Supplies | 11,226.00 | 41.05 | 6.84 |
| Telephone - Base Service | 1,593.00 | 4,069.73 | 678.29 |
| Telephone - I-net, Mode, E-Mail | 8,627.00 | 2,629.96 | 438.33 |
| Telephone - Long Distance | 523.00 | 0.00 | 0.00 |
| Telephone - Mobile Phones | 5,705.00 | 829.72 | 138.29 |
| Telephone Expense | 5,411.00 | 0.00 | 0.00 |
| Travel - Lodging | 782.00 | 0.00 | 0.00 |
| Travel - Meals and Entertainment | 336.00 | 0.00 | 0.00 |
| Travel - Miscellaneous | 27.00 | 0.00 | 0.00 |
| Utilities - Electricity | 12,672.00 | 32,904.39 | 5,484.07 |
| Utilities - Trash Pickup | 3,606.00 | 297.00 | 49.50 |
| Utilities - Water | 19,623.00 | 907.28 | 151.21 |
| Allocated Costs - Depreciation | 1,607,240.00 | 646,528.37 | 107,754.73 |
| Amort - FCC Loan Fees | 92,157.00 | 46,078.98 | 7,679.83 |
| JGW Life Insurance | 26,628.00 | 6,657.00 | 1,109.50 |
| Interest Expense - FCC | 1,855,810.00 | 840,078.24 | 140,013.04 |
| FCC Loan Fees Expensed | 74,681.00 | 137,167.36 | 22,861.23 |
| Interest Expense - Penalties | 9.00 | 0.00 | 0.00 |
| Taxes - Advalorem | 84,000.00 | 6,798.00 | 1,133.00 |
| Taxes - Franchise | 441.00 | 0.00 | 0.00 |
| Taxes - Sales | 285.00 | 0.00 | 0.00 |
| Extraordinary Gain/Loss | 799.00 | -87,057.89 | -14,509.65 |
| Gain/Loss - Sorter Fire | 2,634,002.00 | -3,100,100.60 | -516,683.43 |
| **Total Expense** | 7,539,301.00 | -1,039,145.78 | -173,190.96 |
| **NET INCOME/LOSS** | -6,882,337.00 | 884,315.21 | 147,385.87 |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## WESTERN DISTRICT OF OKLAHOMA

In re     **Valley Timbers LC**                                                                    Case No.
                                                                    Debtor(s)          Chapter     **11**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Manager of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___**31**___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **July 31, 2013**                                Signature   **/s/ James G. Waldrup, III**
                                                                    **James G. Waldrup, III**
                                                                    **Manager**

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## WESTERN DISTRICT OF OKLAHOMA

In re   **Valley Timbers LC**

                               Debtor(s)

Case No.

Chapter    **11**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$11,016,033.23** | **2011 Gross Income** |
| **$10,493,158.00** | **2012 Gross Income** |
| **$25,882.00** | **2013 Year-to-Date Gross Income (AMOUNT LISTED IS AS OF 4/30/2013)** |

---

**2. Income other than from employment or operation of business**

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

                    AMOUNT                    SOURCE

B7 (Official Form 7) (04/13)
2

### 3. Payments to creditors

None ■    *Complete a. or b., as appropriate, and c.*

    a.   *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None □    b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| **See attached** | | **$0.00** | **$0.00** |

None ■    c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None □    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Lone Star, FLCA, and Lone Star, PCA, v. Stream Natural Resources L.C., et al.; Case No. 12-CV-00104-MHS-CMC** | **Collection Action** | **U.S. District Court, Eastern District of Texas** | **Pending** |
| **The Bowlin Company, LLC, f/k/a The Bowlin Company, Inc., v. Valley Timbers, L.C.; Case No. CV-2009-32** | **Judgment for Goods/Services** | **District Court of Pushmataha County, State of Oklahoma** | **Pending** |
| **American Wooddryers, Inc., v. Valley Timbers, L.C.; Case No. CJ-2013-26** | **Replevin** | **District Court of Pushmataha County, State of Oklahoma** | **Pending** |

None ■    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)
3

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 5. Repossessions, foreclosures and returns

None
■

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 6. Assignments and receiverships

None
■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

### 7. Gifts

None
■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8. Losses

None
☐

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| **Sawmill**<br>**(loss exceeded $3.6 million)** | **Fire** | **November 2012** |

B7 (Official Form 7) (04/13)
4

**9.  Payments related to debt counseling or bankruptcy**

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Andrews Davis**<br>**Suite 3300**<br>**100 North Broadway Avenue**<br>**Oklahoma City, OK 73102** | **7/24/2013** | **35,000.00** |

**10.  Other transfers**

None ■

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ■

b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11.  Closed financial accounts**

None ■

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12.  Safe deposit boxes**

None ■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13.  Setoffs**

None ■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

B7 (Official Form 7) (04/13)
5

**14. Property held for another person**

None
■

List all property owned by another person that the debtor holds or controls.

NAME AND ADDRESS OF OWNER          DESCRIPTION AND VALUE OF PROPERTY          LOCATION OF PROPERTY

**15. Prior address of debtor**

None
☐

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                                    NAME USED                          DATES OF OCCUPANCY
**101 Park Avenue**                        **Valley Timbers L.C.**            **Through 2/2011**
**Oklahoma City, OK 73102**

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

SITE NAME AND ADDRESS          NAME AND ADDRESS OF          DATE OF          ENVIRONMENTAL
                               GOVERNMENTAL UNIT            NOTICE           LAW

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

SITE NAME AND ADDRESS          NAME AND ADDRESS OF          DATE OF          ENVIRONMENTAL
                               GOVERNMENTAL UNIT            NOTICE           LAW

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

NAME AND ADDRESS OF                              DOCKET NUMBER                          STATUS OR DISPOSITION
GOVERNMENTAL UNIT

B7 (Official Form 7) (04/13)
6

### 18 . Nature, location and name of business

None
■

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

### 19. Books, records and financial statements

None
☐

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Jo Anne Battles**<br>**HC 70 Box 1040**<br>**Antlers, OK 74523** | **Current** |
| **Matt Donnell**<br>**RGS LLC**<br>**8600 Thackery 92**<br>**Dallas, TX 75225** | **12/2009 through 3/2013** |
| **Debbie Slosky**<br>**Sutie 152C**<br>**8241 South Walker**<br>**Oklahoma City, OK 73139** | **Current** |

None
■

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None
■

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

B7 (Official Form 7) (04/13)
7

| NAME | ADDRESS |
|------|---------|

None
■   d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|------------------|-------------|

---

### 20. Inventories

None
■   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|-------------------|----------------------|------------------------------------------------------------------|

None
■   b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|-------------------|------------------------------------------------------|

---

### 21 . Current Partners, Officers, Directors and Shareholders

None
■   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|------------------|--------------------|------------------------|

None
☐   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|------------------|-------|------------------------------------------|
| **James G Waldrup III Revocable Trust Dated 1-4-1993 8241 South Walker Suite 152C Oklahoma City, OK 73139** | **Member** | **100% managing member** |

---

### 22 . Former partners, officers, directors and shareholders

None
■   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|---------|--------------------|

None
■   b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------------------|-------|---------------------|

---

### 23 . Withdrawals from a partnership or distributions by a corporation

None
■   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|-----------------------------------------------------|--------------------------------|------------------------------------------------------|

B7 (Official Form 7) (04/13)
8

**24. Tax Consolidation Group.**

None
■

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                                    TAXPAYER IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                          TAXPAYER IDENTIFICATION NUMBER (EIN)

\* \* \* \* \* \*

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date    **July 31, 2013**                    Signature    **/s/ James G. Waldrup, III**
                                                           **James G. Waldrup, III**
                                                           **Manager**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

**ATTACHMENT TO SOFA 3(b)**
**Payments Made Within Last 90 Days (4/15/2013 - 7/15/2013)**

| Name | Date | Amount | Over $5,000 |
|---|---|---|---|
| 3 Nines Technologies | 6/19/2013 | 95.00 | |
| American Electric Power | 4/23/2013 | 7,472.67 | |
| | 4/24/2013 | 112.09 | |
| | 7/9/2013 | 16,722.69 | |
| | | | 24,307.45 |
| Anderson, Dan | 4/15/2013 | 525.00 | |
| | 4/22/2013 | 525.00 | |
| | 4/29/2013 | 525.00 | |
| | 5/6/2013 | 525.00 | |
| | 5/13/2013 | 525.00 | |
| | 5/21/2013 | 600.00 | |
| | 5/28/2013 | 525.00 | |
| | 6/3/2013 | 525.00 | |
| | 6/10/2013 | 525.00 | |
| | 6/17/2013 | 525.00 | |
| | 6/19/2013 | 1,050.00 | |
| | 7/2/2013 | 525.00 | |
| | 7/12/2013 | 525.00 | |
| | | | 7,425.00 |
| AT&T (internet) | 5/29/2013 | 590.32 | |
| | 6/19/2013 | 590.32 | |
| AT&T (office) | 4/24/2013 | 590.32 | |
| | 5/8/2013 | 525.30 | |
| | 6/19/2013 | 533.19 | |
| AT&T (scale house) | 5/8/2013 | 132.54 | |
| | 6/19/2013 | 255.03 | |
| Battles, JoAnne | 4/15/2013 | 625.00 | |
| | 4/22/2013 | 625.00 | |
| | 4/29/2013 | 625.00 | |
| | 5/6/2013 | 625.00 | |
| | 5/13/2013 | 625.00 | |
| | 5/21/2013 | 625.00 | |
| | 5/28/2013 | 625.00 | |
| | 6/3/2013 | 625.00 | |
| | 6/10/2013 | 625.00 | |
| | 6/17/2013 | 625.00 | |

| Name | Date | Amount | Over $5,000 |
|------|------|--------|-------------|
| | 6/19/2013 | 1,475.00 | |
| | 7/2/2013 | 625.00 | |
| | 7/12/2013 | 625.00 | |
| | | | 8,975.00 |
| | | | |
| Choctaw Electric | 4/24/2013 | 174.68 | |
| | 5/29/2013 | 86.87 | |
| | 6/19/2013 | 97.62 | |
| | | | |
| Guardian - Appleton | 4/24/2013 | 300.91 | |
| | | | |
| Hostcentric | 4/15/2013 | 21.99 | |
| | 5/16/2013 | 29.89 | |
| | 6/19/2013 | 43.98 | |
| | | | |
| Rural Water District 3 | 4/15/2013 | 126.14 | |
| | 5/8/2013 | 120.50 | |
| | 6/19/2013 | 120.50 | |
| | | | |
| Southern Disposal, Inc. | 4/15/2013 | 99.00 | |
| | 5/8/2013 | 250.00 | |
| | 6/19/2013 | 99.00 | |
| | 6/19/2013 | 99.00 | |
| | | | |
| United Healthcare Insurance Co. | 4/24/2013 | 68.46 | |
| | | | |
| US Cellular | 4/24/2013 | 232.78 | |
| | 5/29/2013 | 19.16 | |
| | 7/2/2013 | 85.57 | |
| | | | |
| | | 46,095.52 | 40,707.45 |

# United States Bankruptcy Court
## WESTERN DISTRICT OF OKLAHOMA

In re __Valley Timbers LC__

Debtor(s)

Case No. _____

Chapter __11__

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

|  |  |  |
|---|---|---|
| For legal services, we have received a retainer of: | $ | **$35,000.00** |
| Prior to the filing of this statement I have received | $ | **$2,914.50** |
|  |  | **Filing fee: $1,213.00** |
|  |  | **$30,872.50** |
| Balance Due | $ | **as approved by the court** |

2.  The source of the compensation paid to me was:

    ☒ Debtor          ☐ Other (specify):

3.  The source of compensation to be paid to me is:

    ☒ Debtor          ☐ Other (specify):

4.  ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
    e.  [Other provisions as needed]
        **As required in a Chapter 11 Case**

---

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: __July 31, 2013__

/s/L. Win Holbrook
**L. Win Holbrook OBA #4284**
**Andrews Davis, P.C.**
**100 North Broadway**
**Suite 3300**
**Oklahoma City, OK 73102**
**405/ 272-9241  Fax: 405/ 235-8786**
**wholbrook@andrewsdavis.com**

---

# United States Bankruptcy Court
## WESTERN DISTRICT OF OKLAHOMA

In re    **Valley Timbers LC**                                          ,     Case No. _____

                                        Debtor

                                                            Chapter_____**11**_____

# LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Rule 1007(a)(3) for filing in this chapter 11 case.

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **James G Waldrup III**<br>**Revocable Trust Dated October 4 1993**<br>**8421 South Walker Suite 152C**<br>**Oklahoma City, OK 73139** | **Membership Interest** | **100** | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Manager of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date___**July 31, 2013**_____          Signature **/s/ James G. Waldrup, III**_____
                                                                    **James G. Waldrup, III**
                                                                    **Manager**

*Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C §§  152 and 3571.

___**0**___ continuation sheets attached to List of Equity Security Holders

# United States Bankruptcy Court
## WESTERN DISTRICT OF OKLAHOMA

In re     **Valley Timbers LC**

Debtor(s)

Case No.

Chapter     **11**

# VERIFICATION OF CREDITOR MATRIX

I, the Manager of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:     **July 31, 2013**

**/s/ James G. Waldrup, III**

**James G. Waldrup, III**/**Manager**
Signer/Title

# United States Bankruptcy Court
## WESTERN DISTRICT OF OKLAHOMA

In re    **Valley Timbers LC**

Debtor(s)

Case No.

Chapter    **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **Valley Timbers LC**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**July 31, 2013**

Date

**/s/ L. Win Holbrook OBA**

**L. Win Holbrook OBA #4284**

Signature of Attorney or Litigant

Counsel for   **Valley Timbers LC**

**Andrews Davis, P.C.**
**100 North Broadway**
**Suite 3300**
**Oklahoma City, OK 73102**
**405/ 272-9241 Fax:405/  235-8786**
**wholbrook@andrewsdavis.com**