IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| VALLEY TIMBERS, L.C., | ) | Case No. 13- *13473*- NLJ |
| Tax ID No. 73-xxx8387, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

### MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a), 361, 363, AND 364 AND RULES 2002, 4001, & 9014, FED. R. BANKR. P.: (I) AUTHORIZING DEBTOR TO INCUR POST-PETITION SECURED INDEBTEDNESS, (II) GRANTING SECURITY INTERESTS AND SUPER-PRIORITY CLAIMS, AND (III) SCHEDULING FINAL HEARING, WITH NOTICE OF OPPORTUNITY FOR HEARING AND BRIEF IN SUPPORT

Pursuant to Bankruptcy Code §§105(a), 361, 363, and 364 and Rule 2002, 4001, and 9014, F.R.Bankr.P., Valley Timbers, L.C. (the "Debtor"), debtor in possession, moves for entry of an Order in the form attached hereto as Exhibit 1 and incorporated herein by reference (the "Interim Financing Order") granting this motion and authorizing the Debtor to incur super-priority secured debt on an interim basis and setting a final hearing on this matter at which the Court authorizes the financing on a final basis (the "Motion").

### Concise Statement of Relief Requested

The Debtor requests authority to incur $46,125 a month in super-priority debt secured by all property of the estate and further requests the Court to set a final hearing on this motion at which the Court authorizes up to a total of $475,625 in principal in super-priority secured financing on a final basis. The material terms of the proposed financing are summarized as follows:

| Term | Proposed Financing |
|------|--------------------|
| Interest Rate | 7.00% per annum, with a 10.00% per annum default rate |
| Maturity | The earlier of January 31, 2014, the effective date of the plan, or the occurrence of an Event of Default. Both the Lender and the Debtor contemplate that the loan for which authorization is sought will be satisfied through confirmation of a plan acceptable to the Lender. |
| Events of Default | Events of Default customary in a secured business loan context, conversion or dismissal of the case, appointment of a trustee, or a change in control over the Debtor's management |
| Liens | The Lender will be secured by liens against all now owned and hereafter acquired property of the Debtor's bankruptcy estate, regardless whether the property is real, personal, tangible, or intangible, regardless whether the property is now existing or hereafter arising, and regardless where the property is located, and shall include, but not be limited to, any avoidance actions held by the estate under Bankruptcy Code §§544, 545, 547, 548, 549, 533(b), 723(a) or 724(a), whether under state or federal law. |
| Borrowing limits | $46,125 on an interim basis, with a $475,625 principal maximum if the financing is authorized on a final basis |
| Borrowing conditions | Required Court authorization of the requested financing on the terms and conditions set out in the Interim Financing Order, and proper execution of appropriate loan documentation, with funding after the interim amount to be made as on a monthly basis up to the amounts set forth in the Budget attached hereto as Exhibit 2. Amounts for which borrowing authorization is sought beyond the amounts set out in Exhibit 2 are to be used to fund plan payments. Amounts beyond those set out in Exhibit 2 will not be funded absent plan confirmation. Conversion or dismissal of the case, appointment of a trustee, a change in control over the Debtor's management, or the occurrence of an Event of Default would relieve the Lender from any obligation to fund. |

As required by to Rule 4001(c)(1)(B), subparts (i) through (xi), the nature and extent of the provisions described therein are as follows in connection with the proposed financing:

| Provision | Nature and extent provision is included in proposed financing |
|---|---|
| A grant of priority or a lien on property of the estate under §364(c) or (d) | Priority under §364(c)(1) and liens under §364(c)(2) and (3) against all property of the estate are included. See paragraph 16 of Exhibit 1. |
| The providing of adequate protection or priority for a claim that arose before the commencement of the case, including the granting of a lien on property of the estate to secure the claim, or the use of property of the estate or credit obtained under §364 to make cash payments on account of the claim | Not included |
| A determination of the validity, enforceability, priority, or amount of a claim that arose before the commencement of the case, or of any lien securing the claim | Included.  See Paragraph 8.9 of the Revolving Loan Agreement |
| A waiver or modification of Bankruptcy Code provisions or applicable rules relating to the automatic stay | Not included |
| A waiver or modification of any entity's authority or right to file a plan, seek an extension of time in which the debtor has taken exclusive right to file a plan, request the use of cash collateral under §363(c), or request authority to obtain credit under §364 | Not included |
| The establishment of deadlines for filing a plan of reorganization, for approval of a disclosure statement, for a hearing on confirmation, or for entry of a confirmation order | Not included |
| A waiver or modification of applicability of non-bankruptcy law relating to the perfection of a lien on property of the estate, or on the foreclosure or other enforcement of the lien | Included.  The liens to be granted in connection with requested financing shall be deemed to be perfected without any further action or filing. See paragraph 16 of Exhibit 1. |

| A release, waiver, or limitation on any claim or other cause of action belonging to the estate or the trustee, including any modification of the statute of limitations or other deadline to commence an action | Included. Any and all claims and other causes of action belonging to the estate and against the Lender shall be waived and released as part of the financing. See 16 of Exhibit 1. See also Paragraph 8.9 of the Revolving Loan Agreement. |
|---|---|
| The indemnification of any entity | Not included |
| A release, waiver or limitation of any right under §506(c) | Included. All rights under §506(c) are being waived as to the Lender and its collateral. See paragraph 16 of Exhibit 1. |
| The granting of a lien on any claim or cause of action arising under §§544, 545, 547, 548, 549, 533(b), 723(a) or 724(a). | Included. The Lender is being granted to the extent of the post-petition financing liens against all such claims and causes of action. See paragraph 16 of Exhibit 1. |

All provisions are proposed to remain in effect if interim authorization is granted, but final relief is denied.

The forgoing is only a summary, and parties in interest are directed to the Interim Financing Order and the loan documents attached to it for a complete statement of the terms and conditions of the proposed financing.

### Jurisdiction, Material Facts, and Legal Authority

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(D).

4

2.      On July 31, 2013, this voluntary bankruptcy case was filed by the Debtor under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§101 *et. seq.* (the "Bankruptcy Code").

3.      The Debtor is a debtor in possession.

4.      The Debtor is authorized to operate its business and to manage its property pursuant to Bankruptcy Code §§1107 and 1108 and has done so since this case was commenced, albeit subject to severe cash flow limitations.

5.      No committee of unsecured creditors has been appointed in this case yet.

6.      The Debtor owns and operated a sawmill in Pushmataha County, Oklahoma, situated on approximately 244 acres (the "Sawmill").

7.      A fire took place at the Sawmill on November 3, 2012, that destroyed the majority of the mechanical, structural, and electrical components of the Sawmill's trimmer/sorter facility. The trimmer/sorter facility is involved in the initial stages of production of the lumber, and without the trimmer/sorter facility, production was halted and all of the employees were laid off or terminated.

8.      With the cessation of its operations, the Debtor's cash flow is inadequate to pay the ongoing expenses necessary to preserve and protect the Sawmill.

9.      Absent entry of the Interim Financing Order, immediate and irreparable harm to the Debtor's estate and its creditors would occur. Therefore, the Debtor urgently requires $46,125 in financing and credit under Bankruptcy Code §364 to fund the expenses set forth on Exhibit 2. Ultimately, the Debtor requires final authorization of $475,625 in credit to pay

expenses incurred during this case and fund payments under the plan of reorganization the Debtor intends to propose. Amounts beyond those set out in Exhibit 2 will not be funded absent confirmation of a plan acceptable to the Lender.

10.     Despite good-faith efforts, the Debtor is unable to obtain: (i) unsecured credit allowable under Bankruptcy Code §503(b)(1) as an administrative expense; (ii) unsecured credit allowable under Bankruptcy Code §364(a) or (b); or (iii) credit solely with the protection afforded under Bankruptcy Code §364(c)(1). The Debtor is unable to obtain credit without a lender being: (i) given priority over any and all administrative expenses of the kind specified in Bankruptcy Code §§503(b) or 507(b); (ii) secured by a first lien on all property of the estate that is not otherwise subject to a lien; and (iii) secured by a junior lien on property of the estate that is subject to a lien. Post-petition credit on such terms is authorized by Bankruptcy Code §§364(c)(1), (c)(2) and (c)(3).

11.     Timber Capital, LLC (the "Lender"), provided pre-petition financing to the Debtor and, except as set out below, asserts a first priority security interest in all of the Debtor's property, including the Sawmill and related real estate.

12.     The Bowlin Company asserts a judgment lien against the realty associated with the Sawmill, but The Bowlin Company's interest appears to be subordinate to the Lender's interest. American Wood Dryers asserts a lien against certain equipment, which also appears to be subordinate to the Lender's pre-petition lien. Key Equipment Finance, Inc., and Caterpillar Financial Services Corporation assert liens against particular items of equipment. It appears the

lien interests of Key Equipment Finance, Inc., and Caterpillar Financial Services Corporation may be purchase-money security interests with priority over the Lender's security interests.

13.     Other than as set forth in the preceding two paragraphs, the Debtor is unaware of any entities asserting an interest in any property of the Debtor's estate.

14.     The Debtor has requested that the Lender provide the post-petition financing described in the Interim Financing Order, and the Lender is willing to do so pursuant to the terms of the Interim Financing Order, with the first $46,125 to be funded after entry of the Interim Financing Order and the remaining $429,500 to be funded after final Court authorization of the financing is granted, with the funding to occur on a monthly basis as set out in Exhibit 2 and with amounts beyond those set out in Exhibit 2 not being funded absent plan confirmation. The proposed post-petition loan is in the best interests of the Debtor and all other parties in interest.

15.     Pursuant to Rule 4001(c)(2), F.R.Bankr.P., the Debtor requests that the Court set an interim hearing on this motion before the 14-day period specified in Rule 4001(c)(2) expires and at such hearing authorize the Debtor to borrow up to $46,125 on the terms and conditions set forth in the Interim Financing Order. The Debtor submits that such borrowing is necessary to avoid immediate and irreparable harm to the estate pending a final hearing. At the final hearing, the Debtor will request authorization to borrow up to a maximum amount of $475,625 on the same terms and conditions stated in the Interim Financing Order.

16.     As set out in the summary above, the Interim Financing Order provides that the Lender will be granted super-priority administrative expense status pursuant to Bankruptcy Code §364(c)(1), with priority over all costs and expenses of administration of the Debtor's case that

7

are incurred under any provision of the Bankruptcy Code, including those described in Bankruptcy Code §§503(b) and 507(b), for the amounts lent post-petition, interest thereon, and fees and costs. Additionally, the amounts lent post-petition, interest thereon, and fees and costs will be secured by liens against all now-owned and hereafter acquired property of the Debtor's bankruptcy estate, regardless whether the property is real, personal, tangible, or intangible, regardless whether the property is now existing or hereafter arising, and regardless where the property is located, and shall include, but not be limited to, any avoidance actions held by the estate under Bankruptcy Code §§544, 545, 547, 548, 549, 533(b), 723(a) or 724(a), whether under state or federal law. The attached Interim Financing Order sets forth additional terms and conditions of the proposed borrowing.

17.     The terms and conditions of the Interim Financing Order are fair and reasonable, were negotiated by the parties at arms' length, were entered into by the parties in good faith, and are the best available to the Debtor under the present market conditions and financial circumstances. The Lender's extension of credit to the Debtor under the Interim Financing Order is, and will be, made in good faith. The Debtor requests, therefore, that any credit and loans extended to the Debtor by the Lender pursuant to the Interim Financing Order, whether interim or final, be deemed to have been extended and made in good faith, as that phrase is used in Bankruptcy Code §364(e).

18.     In accordance with Local Rule 4001-1.D, the Debtor gave notice of this Motion to: (i) counsel to the Lender; (ii) all of the Debtor's known creditors who the Debtor believes have or may assert an interest in the Debtor's assets; (iii) the holders of the twenty largest

8

unsecured claims against the Debtor; (iv) the United States Trustee; and (v) all parties requesting notice in this case. Due to the exigent circumstances of this matter, and given that the relief described herein is requested on an interim basis only, the Debtor submits that such notice was sufficient and asks the Court to authorize the same.

19.     The rights to be conferred on the Lender under the Interim Financing Order are intended to be in addition to, and not in derogation of, any rights the Lender might have, if any, with respect to post-petition advances made by it under its pre-petition loan documents.

20.     The agreement between the Debtor and the Lender is fully set forth in the attached Interim Financing Order. The Debtor requests the Court to determine that service of this motion as provided above with the Interim Financing Order attached satisfies the requirements of Rule 4001(c)(1).

### NOTICE OF OPPORTUNITY FOR HEARING

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102, no later than 14 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice.

**The 14-day period includes the three (3) days allowed for mailing provided for in Bankruptcy Rule 9006(f).**

WHEREFORE, the Debtor, Valley Timbers, L.C., respectfully requests that the Court:

(A) immediately set a hearing on this motion and enter the Interim Financing Order in the form

9

attached hereto as Exhibit 1, authorizing the Debtor to incur post-petition debt to Timber Capital,

LLC, as described herein and therein; (B) approve the form and manner of notice of this Motion

as sufficient under Rule 4001 and the circumstances; (C) set a final hearing with respect to the

relief requested herein, and (D) grant the Debtor any other and further relief as the Court deems

appropriate.

/s/ L. Win Holbrook
L. Win Holbrook, OBA No. 4284
ANDREWS DAVIS, P.C.
Suite 3300
100 North Broadway
Oklahoma City, OK  73102
405.272.9241 – telephone
405.235.8786 – facsimile
wholbrook@andrewsdavis.com

ATTORNEYS FOR DEBTOR-IN-POSSESSION,
VALLEY TIMBERS, LC

## CERTIFICATE OF SERVICE

This is to certify that on the 31st day of July, 2013, a file stamped copy of the above was
mailed by first class mail, postage prepaid, to all parties listed on the attached Service List.

/s/ L. Win Holbrook
L. Win Holbrook, OBA No. 4284

OFFICE OF THE U.S. TRUSTEE
215 DEAN A. MCGEE AVE, 4TH FLOOR
OKLAHOMA CITY, OK 73102

SHANNON REASOR
PO BOX 393
ATOKA, OK 74525

ARAMARK UNIFORM SERVICE, INC.
PO BOX 6308
TYLER, TX 75711-6308

TIMBER CAPITAL LLC
ATTN: MICHAEL E. LYNCH
3702 KELLYWOOD DRIVE
AUSTIN, TX 78739

ERNST AND YOUNG
PO BOX 848107
DALLAS, TX 75284-8107

DANFOSS
SUITE 3157
75 REMITTANCE DRIVE
CHICAGO, IL 60675-3157

BROWN MCCARROLL LLP
SUITE 1400
111 CONGRESS AVENUE
AUSTIN, TX 78701-4043

ERNST AND YOUNG
SUITE 2500
210 PARK AVENUE
OKLAHOMA CITY, OK 73102

GRIMES INDUSTRIAL SERVICES
ROUTE 4, BOX 192
IDABEL, OK 74745

BOWLIN COMPANY
PO BOX 3007
SHREVEPORT, LA 71133

ADVANCED SAWMILL MACHINERY
481 MACHINERY CIRCLE
HOLT, FL 32564

SB ENTERPRISES, INC.
ROUTE 2, BOX 874
BROKEN BOW, OK 74728

SMAKAL MUNN AND MATHIS, PLLC
SUITE 718
320 SOUTH BOSTON
TULSA, OK 74103

COMPSOURCE OKLAHOMA
PO BOX 269021
OKLAHOMA CITY, OK 73126-9021

MANTIS FINANCIAL
BUILDING 2, SUITE 201
9433 BEE CAVES ROAD
AUSTIN, TX 78733

PHILLIPS MURRAH P.C.
ATTN: STEPHEN W. ELLIOTT
CORPORATE TOWER, 13TH FLOOR
101 NORTH ROBINSON AVENUE
OKLAHOMA CITY, OK 73102

PUSHMATAHA COUNTY TREASURER
302 SW B STREET
ANTLERS, OK 74523

S AND S INDUSTRIAL SUPPLY
PO BOX 988
MATCHITOCHES, LA 71458

CAB ENTERPRISES
64 BOWEN ROAD
BAXLEY, GA 31513

AMERICAN ELECTRIC POWER
PO BOX 24421
CANTON, OH 44701

AT&T
PO BOX 5001
CAROL STREAM, IL 60197-5001

MICHAEL E. LYNCH
1005 GARDENIA DRIVE
TALLAHASSEE, FL 32312

PUBLIC SERVICE COMPANY OF OK
RURAL ROUTE 1
ANTLERS, OK 74523

ANDEE FRANKS
HC 83 BOX 848
ANTLERS, OK 74523

AMERICAN WOOD DRYERS, INC.
15495 SE FOR MOR COURT
CLACKAMAS, OR 97015

PUBLIC SERVICE COMPANY OF OK
PO BOX 201
TULSA, OK 74105-0201

CAT FINANCIAL COMMERCIAL SVCS
PO BOX 905229
CHARLOTTE, NC 28290-5229

UNITED RENTALS
117 HIGHWAY 82
SHERMAN, OK 75092

CAT FINANCE COMPANY
PO BOX 340001
NASHVILLE, TN 37203-001

WARREN POWER & MACHINERY, INC
10325 WEST COUNTY ROAD 117
MIDLAND, TX 79706

WORKS AND LENTZ, INC.
SUITE 900
1437 SOUTH BOULDER
TULSA, OK 74119

KEY EQUIPMENT FINANCE INC
1000 SOUTH MCCASTLIN BLVD.
SUPERIOR, CO 80027

KEY EQUIPMENT COMPANY
2ND FLOOR
11030 CIRCLE POINT ROAD
WESTMINSTER, CO 80020

KEY EQUIPMENT FINANCE INC
7TH FLOOR
3075 HIGHLAND PARKWAY
DOWNERS GROVE, IL 60515

JAMES G. WALDRUP III
REVOCBLE TRUST DATED
OCTOBER 4, 1993
SUITE 152 C
8241 SOUTH WALKER
OKLAHOPMA CITY, OK 73139

STREAM ENERGY, INC.
STREAM NATRUAL RESOURCES
STREAM RESOURCES, LP
8241 SOUTH WALKER, SUITE 152 C
OKLAHOMA CITY, OK 73139

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

In re:                                    )
                                          )
VALLEY TIMBERS, L.C.,                     )        Case No. 13-_____
Tax ID No. 73-xxx8387,                    )        Chapter 11
                                          )
Debtor.                                   )

<u>**INTERIM FINANCING ORDER AND NOTICE OF FINAL HEARING**</u>

Upon consideration of the Motion for Order under 11 U.S.C. §§ 105(a), 361, 363, and

364 and Rules 2002, 4001, & 9014, Fed. R. Bankr. P.:  (I) Authorizing Debtor to Incur

Post-Petition Secured Indebtedness, (II) Granting Security Interests and Super-Priority Claims,

and (III) Scheduling Final Hearing, with Notice of Opportunity for Hearing and Brief in Support

(the "Motion") filed by Valley Timbers, L.C. (the "Debtor"), the Court finds and orders as

follows after conducting an interim hearing thereon pursuant to Rule 4001(c)(2), Federal Rules

of Bankruptcy Procedure after due notice:



EXHIBIT

_1_

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(D).

2.      On July 31,2013, this voluntary bankruptcy case was filed by the Debtor under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§101 *et. seq.* (the "Bankruptcy Code").

3.      The Debtor is a debtor in possession.

4.      The Debtor is authorized to operate its business and to manage its property pursuant to Bankruptcy Code §§1107 and 1108 and has done so since this case was commenced, albeit subject to severe cash flow limitations.

5.      No committee of unsecured creditors has been appointed in this case yet.

6.      The Debtor owns and operated a sawmill in Pushmataha County, Oklahoma, situated on approximately 244 acres (the "Sawmill").

7.      A fire took place at the Sawmill on November 3, 2012, that destroyed the majority of the mechanical, structural, and electrical components of the Sawmill's trimmer/sorter facility. The trimmer/sorter facility is involved in the initial stages of production of the lumber, and without the trimmer/sorter facility, production was halted and all of the employees were laid off or terminated.

8.      With the cessation of its operations, the Debtor's cash flow is inadequate to pay the ongoing expenses necessary to preserve and protect the Sawmill.

2

9.     Absent entry of the Interim Financing Order, immediate and irreparable harm to the Debtor's estate and its creditors would occur. Therefore, the Debtor urgently requires $46,125 in financing and credit under Bankruptcy Code § 364 to fund the expenses set forth on Exhibit 2 to the Motion. The Debtor alleges it ultimately requires final authorization of $475,625 in credit to pay expenses incurred during this case and fund payments under the plan of reorganization the Debtor intends to propose. Amounts beyond those set out in Exhibit 2 will not be funded absent plan confirmation.

10.    Despite good faith efforts, the Debtor is unable to obtain: (i) unsecured credit allowable under Bankruptcy Code § 503(b)(1) as an administrative expense; (ii) unsecured credit allowable under Bankruptcy Code § 364(a) or (b); or (iii) credit solely with the protection afforded under Bankruptcy Code § 364(c)(1). The Debtor is unable to obtain credit without a lender being: (i) given priority over any and all administrative expenses of the kind specified in Bankruptcy Code §§ 503(b) or 507(b); (ii) secured by a first lien on all property of the estate that is not otherwise subject to a lien; and (iii) secured by a junior lien on property of the estate that is subject to a lien. Post-petition credit on such terms is authorized by Bankruptcy Code §§ 364(c)(1), (c)(2) and (c)(3).

11.    Timber Capital, LLC (the "Lender"), provided pre-petition financing to the Debtor and, except as set out below, asserts a first priority security interest in all of the Debtor's property, including the Sawmill and related real estate.

12.    The Bowlin Company asserts a judgment lien against the realty associated with the Sawmill, but The Bowlin Company's interest is alleged by the Debtor to be subordinate to

3

the Lender's interest. American Wood Dryers asserts a lien against certain equipment, which the the Debtor also alleges is subordinate to the Lender's pre-petition lien. Key Equipment Finance, Inc., and Caterpillar Financial Services Corporation assert liens against particular items of equipment. The Debtor alleges the lien interests of Key Equipment Finance, Inc., and Caterpillar Financial Services Corporation may be purchase money security interests with priority over the Lender's security interests.

13.    Other than as set forth in the preceding two paragraphs, the Debtor is unaware of any entities asserting an interest in any property of the Debtor's estate.

14.    The Debtor has requested that the Lender provide the post-petition financing described in the Interim Financing Order, and the Lender is willing to do so pursuant to the terms of the Interim Financing Order, with the first $46,125 to be funded after entry of the Interim Financing Order and the remaining $429,500 to be funded after final Court authorization of the financing is granted, with the funding to occur on a monthly basis as set out in Exhibit 2 to the Motion and with amounts beyond those set out in Exhibit 2 not being funded absent confirmation of a plan acceptable to the Lender. The proposed post-petition loan is in the best interests of the Debtor and all other parties in interest.

15.    The Debtor is hereby authorized to incur secured post-petition debt to the Lender as described herein. The Court hereby authorizes the Debtor to borrow up to $46,125 from the Lender on an interim basis on the terms and conditions set forth herein to be used by the Debtor to pay the expenses set forth on Exhibit 2 to the Motion. Such a borrowing is necessary to avoid immediate and irreparable harm to the estate pending a final hearing on the Motion.

4

16.    As to all amounts lent by the Lender to the Debtor under this Order, any collection fees and costs in connection therewith, including attorney's fees, and the legal fees and expenses the Lender incurred preparing the Motion and obtaining Court approval of it, the Lender is hereby granted: a) super-priority administrative expense status pursuant to Bankruptcy Code §364(c)(1), with priority over all costs and expenses of administration of the Debtor' case that are incurred under any provision of the Bankruptcy Code, including, but not limited to, those described in Bankruptcy Code §§ 503(b) and 507(b); and b) a mortgage lien against and a security interest in all now owned and hereafter acquired property of the Debtor' bankruptcy estate, regardless whether the property is real, personal, tangible, or intangible, regardless whether the property is now existing or hereafter arising, and regardless where the property is located, and shall include, but not be limited to, any avoidance actions held by the estate under Bankruptcy Code §§ 544, 545, 547, 548, 549, 533(b), 723(a) or 724(a), whether under state or federal law.  Pursuant to Bankruptcy Code §§ 364(c)(2) and (3), the liens granted to the Lender herein shall be a first lien against all property of the estate that is not otherwise subject to a lien and shall be a junior lien on property of the estate that is subject to a lien.  However, the liens granted herein to the Lender shall be subject only to liens that were both duly perfected as of the petition date in this case, and unavoidable under the Bankruptcy Code.  The liens granted herein to The Lender shall at all times be senior to the rights of the Debtor and any successor trustee in this or any subsequent proceeding under the Bankruptcy Code.  The liens granted herein to the Lender shall not be subordinated to any other security interest or lien granted under Bankruptcy Code § 364, Bankruptcy Code § 105, or otherwise, and neither the Lender, its property, nor its

5

liens shall be subject to surcharge under Bankruptcy Code § 506(c) or otherwise. Additionally, any and all claims and other causes of action belonging to the estate and against the Lender shall be waived and released upon entry of the Order finally granting the Motion.

17.    Prior to the Lender's funding, the Debtor shall execute and deliver such loan documents as the Lender may reasonably request, if any, to further evidence or perfect all liens granted herein, although such liens shall be deemed perfected as of the date of this Order and no further action on the Lender's part or the Debtor' part shall be necessary to perfect such liens.

18.    Amounts borrowed by the Debtor from the Lender post-petition, any collection fees and costs in connection therewith, including attorney's fees, and the legal fees and expenses the Lender incurred preparing the Motion and obtaining Court approval of it, shall be repaid on the terms and conditions set out in the attached loan documents.

19.    The terms and  conditions of this Order are fair and reasonable, were negotiated by the parties at arms' length, were entered into by the parties in good faith, and are the best available to the Debtor under the present market conditions and financial circumstances. The Lender's extension of credit to the Debtor under this Order is, and will be, made in good faith and shall be deemed to have been extended and made in good faith, as that phrase is used in Bankruptcy Code § 364(e).

20.    The Debtor gave notice of this Motion to: (i) counsel to the Lender; (ii) all of the Debtor's known creditors who the Debtor believes have or may assert an interest in the Debtor's assets; (iii) the holders of the twenty largest unsecured claims against the Debtor; (iv) the United States Trustee; and (v) all parties requesting notice in this case. Such notice was sufficient.

21.    The agreement between The Debtor and the Lender is fully set forth in this Order and its exhibits, and the Court expressly determines that service of the Motion with the proposed Interim Financing Order attached to it satisfied the requirements of Rule 4001(c)(1), F.R.Bankr.P.

22.    A final hearing is set on the Motion on the ___ day of _____, 2013, at _____ o'clock before the undersigned judge, in the __ floor courtroom, 215 Dean A. McGee Ave., Oklahoma City, Oklahoma.

23.    Regardless of the disposition of any objection that might be made to the Motion or to the relief granted herein, the priority, liens, and other relief granted herein to the Lender shall be unaffected to the extent of funds advanced by the Lender pursuant to this Order and to the extent of the Lender's fees and costs, including attorney's fees, in connection with collecting the same, and in connection with preparing and presenting the Motion and obtaining entry of this Order.

24.    The provisions of this Order shall be binding upon and inure to the benefit of the Lender and the Debtor and their respective successors and assigns, including, but not limited to, any trustee that might be appointed as representative of the Debtor' bankruptcy estate, and all parties in interest to the above-styled bankruptcy case.

25.    The rights conferred on the Lender hereunder are in addition to, and not in derogation of, any rights the Lender might have, if any, with respect to post-petition advances made by it under its pre-petition loan documents.

# # #

7

Approved for Entry:

/s/ L. Win Holbrook
L. Win Holbrook, OBA No. 4284
ANDREWS DAVIS, P.C.
Suite 3300
100 North Broadway
Oklahoma City, OK  73102
405.272.9241 – telephone
405.235.8786 – facsimile
wholbrook@andrewsdavis.com

ATTORNEYS FOR DEBTOR-IN-POSSESSION,
VALLEY TIMBERS, L.C.

8

**EXHIBIT 2**
**TO POST-PETITION FINANCING MOTION**

| | Month 1 | Month 2 | Month 3 | Month 4 | Month 5 | Total |
|---|---|---|---|---|---|---|
| **First Insurance Funding** (Acct. 299200011787648) P. O. Box 3306 Northbrook, IL 60065-3306 | 17,124.64 | 17,124.64 | 17,124.64 | 17,124.64 | 17,124.64 | 85,623.20 |
| **American Electric Power, a/k/a AEP, and/or Public Service of Oklahoma** PO Box 201 Tulsa, OK 74105-0201 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 40,000.00 |
| **Choctaw Electric** (Acct. 38848331) P. O. Box 758 Hugo, OK 74743-0758 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 500.00 |
| **Push County Rural Water District #3** (Acct. 1941) P. O. Box 67 Antlers, OK 74523 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 750.00 |
| **Contract Labor/Security (incl but not limited to Joanne Battle and Dan Anderson)** P. O. Box 129 Antlers, OK 74523 | 12,400.00 | 12,400.00 | 12,400.00 | 12,400.00 | 12,400.00 | 62,000.00 |
| **Key Equipment Co.** (Acct. 5911830931) 11030 Circle Point Rd., 2nd Floor Westminster, CO 80020 | 3,100.00 | 3,100.00 | 3,100.00 | 3,100.00 | 3,100.00 | 15,500.00 |

tabbies
EXHIBIT
2

**EXHIBIT 2**

## TO POST-PETITION FINANCING MOTION

| | Month 1 | Month 2 | Month 3 | Month 4 | Month 5 | Total |
|---|---|---|---|---|---|---|
| **CAT Finance Co.**<br>(Acct. 10624176000)<br>P. O. Box 340001<br>Nashville, TN 37203-0001 | 800.00 | 800.00 | 800.00 | 800.00 | 800.00 | 4,000.00 |
| **AT&T (Telephone)**<br>(Acct. 5802982470 821 8) | 800.00 | 800.00 | 800.00 | 800.00 | 800.00 | 4,000.00 |
| **AT&T (Internet)**<br>(Acct. 8310000665422) | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 2,500.00 |
| **Southern Disposal**<br>Rt. 2, Box 7250<br>Antlers, OK 74523 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 750.00 |
| **Miscellaneous**<br>(Operations and Administrative Expenses<br>Including U.S. Trustee Fees) | 3,000.36 | 3,000.36 | 3,000.36 | 3,000.36 | 3,000.36 | 15,001.80 |
| **TOTALS** | 46,125.00 | 46,125.00 | 46,125.00 | 46,125.00 | 46,125.00 | 230,625.00 |